[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence April 12, 1994 Date of Application April 15, 1994 Date Application Filed April 25, 1994 Date of Decision January 24, 1995
Application for review of sentence imposed by the Superior Court, Judicial District of New London.
Docket Number: CR 10-200319;
Scott Jones Esq., Defense Counsel, for Petitioner.
Theresa Ferryman, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
By the Division:
This petitioner, who was then approximately 33 years of age, was convicted on February 11, 1992 of Assault on a Police Officer. She received a sentence of 5 years, execution suspended, with probation for 3 years.
On July 9, 1993 (less than halfway into her probationary period) she was arrested on a charge of Possession of Cocaine. This arrest was the result of the execution of a search and seizure warrant on the petitioner's apartment that was based on two CT Page 1317 controlled buys of narcotics. Contraband seized in this raid included crack cocaine, rolling papers and numerous crack cocaine bags with residue.
The petitioner was charged with Violation of Probation as the result of the foregoing activity and after an evidentiary hearing, was found to be in violation of probation. At the sentencing phase the Court gave consideration to the fact that the petitioner had completed an alternative incarceration program for the first six months of her probation. The Court also heard from the Probation Officer that she was a difficult client at times, reluctant to abide by the conditions of probation and seemingly lacking in motivation.
The Court thereupon imposed a sentence of 54 months, giving her credit for her AIC participation. (Thereupon the petitioner pled guilty to possession of a narcotic substance and failure to appear, and was sentenced to 1 year concurrent with the sentence for violation of probation).
Petitioner argues that the sentence of 54 months is overly severe because the state's case on the drug charge was weak and the petitioner does not represent a threat to society.
In a probation violation hearing, which does not require the same burden of proof as the original criminal charge, the Court has to determine (once violation is established) if the salutary or rehabilitative purposes of probation can be accomplished. Here the petitioner had a 5 year sentence for a serious felony hanging over her head. She was not cooperative with her probation officer except for the AIC portion, for which she was credited. The, conditions of her probation included substance abuse, evaluation and counseling as deemed necessary, random drug testing and a prohibition against violating any criminal statute.
To argue that involvement in the drug culture does not threaten society is disingenuous.
The almost daily killings, often of innocents, in our communities and the crimes committed to obtain money for drugs, belie that assertion.
Under the factual circumstances of this case, the Court had sufficient evidence to conclude that continued probation was inappropriate, and the Division cannot find that the sentence imposed was unfair, unreasonable or disproportionate.
Accordingly, it is affirmed.
Purtill, Klaczak and Norko, J.s, participated in this decision. CT Page 1318